IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. ANTHONY,<br><br>        Plaintiff,<br><br>    v.<br><br>CELLCO PARTNERSHIP dba VERIZON,<br>WIRELESS,<br><br>        Defendant. | 2:09-cv-01024-GEB-KJM<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR RELIEF* |

        Plaintiff moves under Federal Rule of Civil Procedure ("Rule") 60(b)(1) for relief from the Court's August 30, 2010, "Order Granting Defendant's Motion for Summary Judgment" and for an order issued under Rule 59(e) altering or amending the judgment. (Notice of Mot. 1:22-25.) Plaintiff motion is based on his argument that he should be excused from his failure to submit certain deposition evidence in opposition to Defendant's summary judgment motion since this failure was due to his attorney's mistaken and excusable neglectful failure to comply with a local rule. (Mot. for Relief ("Mot.") 3:23-26.) Defendant counters: "a lawyer's failure to read and comprehend the rules does not constitute 'excusable neglect' under Rule 60." (Opp'n to Pl.'s Mot. ("Opp'n") 1:12-13.) For the reasons stated below, Plaintiff's motion for relief under

---

    *    This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

Rule 60(b) is GRANTED, and Plaintiff's Rule 59(e) motion is denied because judgment is vacated in the ruling below.

"A district court may reconsider its grant of summary judgment under . . . Federal Rule of Civil Procedure Rule 60(b) . . . ." <u>School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993). "Rule 60(b) allows a district judge to provide relief from a final judgment if the moving party can show '(1) mistake, inadvertence, surprise, or excusable neglect[.]'" <u>United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.</u>, 555 F.3d 772, 780 (9th Cir. 2009) (quoting Fed. R. Civ. Pro. 60(b)).

> Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness. The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. To determine when neglect is excusable, we conduct the equitable analysis specified in Pioneer by examining at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

<u>Lemoge v. U.S.</u>, 587 F.3d 1188, 1192 (9th Cir. 2009) (citations and internal quotation marks omitted).

Plaintiff explains his "failure to submit [certain] deposition evidence in support of his opposition to the motion for summary judgment was caused by his counsel's misreading of Local Rule 133(j)." (Mot. 4:15-17.) Local Rule 133(j) states in part: "Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise." Plaintiff explains his counsel was "[u]naware that the last sentence of Local Rule 133(j) required a party to submit as exhibits those portions of the

2

1 depositions that the party intends to become part of the official
2 record, [and therefore his] counsel did not attach as exhibits parts of
3 the deposition of Plaintiff Christopher Anothony and other individuals
4 relied upon in the Plaintiff's opposition to the summary judgment
5 motion." (Mot. 4:25-5:2.)

6 Plaintiff also explains his counsel focused on the first
7 requirement of Local Rule 133(j), which mandates a courtesy copy of the
8 entire deposition upon which there is reliance be submitted to the
9 Court. Plaintiff states that "[o]n Wednesday, June 30, 2010, Sandra
10 Altamirano, secretary to Catherine Nasser, sent via electronic mail to
11 the Court copies of the entire depositions Defendant relied on in its
12 motion for summary judgment." (Mot. 4:19-22.) This electronic mail is
13 not in compliance with what is prescribed in Local Rule 133(j), and does
14 not make what was transmitted part of the official record.

15 Plaintiff argues his counsel's error is excusable for the
16 following reasons: 1) "the danger of prejudice to the opposing party is
17 minimal"; 2) he "has not delayed in bringing this motion for relief and
18 potential impact on the court proceedings and the Defendant is
19 negligible"; 3) the Plaintiff would be prejudiced "and it is only fair
20 that any decision denying him a trial be made with the full facts in
21 front of the Court"; and 4) "Plaintiff has acted in good faith." Id.
22 5:5, 17-18, 6:7-9.

23
24 Defendant counters without addressing the equitable factors
25 applicable to Plaintiff's Rule 60(b) motion, concluding that "[i]n
26 situations where, as here, the neglect results from a failure to follow
27 the rules, . . . [a] full equitable analysis is not required." (Opp'n
28 3:12-13.) However, the court is required to apply "the correct

equitable analysis[.]" <u>Ahanchian v. Xenon Pictures, Inc.</u>, --- F.3d ----, 2010 WL 4323429, at *7 (9th Cir. 2010).

All four factors favor Plaintiff's position. Plaintiff has not delayed in seeking relief from the order; the order granting summary judgment was filed on August 30, 2010 and Plaintiff filed this motion on September 21, 2010, twenty two days after Plaintiff was notified in the order of his error. Further, Plaintiff has adequately explained counsel's failure to comply with Local Rule 133(j), and nothing in the record indicates Plaintiff's counsel acted in bad faith. Lastly, the prejudice to Defendant is minimal. Although the order and judgment will be vacated, "such prejudice is insufficient to justify denial of relief under Rule 60(b)(1)." <u>Bateman v. U.S. Postal Service</u>, 231 F.3d, 1220, 1225 (9th Cir. 2000). Plaintiff has demonstrated his counsel's excusable neglect entitles him to relief under Rule 60(b)(1).

Therefore, Plaintiff's Rule 60(b) motion for relief is GRANTED. The Court's Order in Docket No. 27 is rescinded, the judgment is vacated, and Defendant's motion for summary judgment is scheduled for hearing on December 6, 2010, commencing at 9:00 a.m.

Dated: November 12, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

4